UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI ESTEPP,

    Plaintiff,

v.                                   Case No. 25-cv-_____

                                     Hon.

THE HUNTINGTON NATIONAL BANK,

    Defendant.

Sarah S. Prescott (P70510)
Joan Campau (P87538)
Salvatore Prescott Porter & Porter, PLLC
Attorneys for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
prescott@sppplaw.com
campau@sppplaw.com

**COMPLAINT AND JURY DEMAND**

Plaintiff Terri Estepp, by and through her attorneys, SALVATORE PRESCOTT PORTER & PORTER, submits this Complaint and states as follows:

**OVERVIEW**

For more than a quarter century, Plaintiff Terri Estepp excelled in the banking industry, earning numerous accolades and awards for her

1

accomplishments. Indeed, until she was fired, she was the General Branch Manager for one of the most successful branches *in the country* of Defendant Huntington National Bank. In 2023, Plaintiff's young adult daughter, Samantha, was diagnosed with breast cancer. Plaintiff attempted to exercise her federally protected right to Family Medical Leave to care for her. But upon Plaintiff's exercise of her right to leave to aid Sam, unwilling to honor its obligation under the law, the Bank abruptly fired this stellar employee. Tragically, Plaintiff's daughter died ten days later. The Bank's refusal to redress the error brings the parties to this Court.

## **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Terri Estepp is a resident of Howell, Michigan.

2. Defendant Huntington National Bank ("the Bank" or "Huntington") is a foreign corporation with its principal place of business in Ohio. Defendant does substantial business in this District through numerous bank branches. The Court therefore has personal jurisdiction.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the Family and Medical Leave Act ("FMLA").

4. Venue is appropriate under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

5. Ms. Estepp is a 51-year-old resident of Howell, Michigan.

6. Huntington is a banking institution with thousands of employees.

7. Including the institutions with which Huntington merged, Ms. Estepp was employed by the Bank for more than 28 years.

8. Throughout her service, she was consistently recognized as a top achiever, rightly so, as she devoted herself wholly to her job.

9. Her personnel file is filled with decades of performance reviews referencing her own achievements as well as "the success of [her] branch" and her ability to bring out "the success of her colleagues."

10. Managers repeatedly commented on her growth mindset and orientation towards continuous improvement, noting that she "leads with purpose . . . and inspires her team . . . to do the same." "Terri does an incredible job consistently leading by example and encourages others beyond her 4 walls. She holds herself and her team to extremely high standards and they rise and grow as a result of that."

11. Her 2023 year-end review stated that, "Terri is by all means an exceptional role model for her team. She goes above and beyond for them always while also making sure that her customers, businesses and community are at the heart of

what she does. . . . Oftentimes the way she encourages her team gets adopted throughout the district[,] truly speaking to the way [that] Terri has the ability to inspire others." Her bosses spotlighted Ms. Estepp as "an exceptional role model for her team and in the district. We are privileged to have her on our team and to be able to learn from her leadership."

12. Her supervisor also specifically noted that, "Terri had an exceptional sales year and was able to win a Region wide award for her team's performance under her leadership. She was able to grow her branch . . . better than any other team in our district. She did all this while being the busiest branch and maintaining service excellence and getting a satisfactory audit."

13. In addition to consistently stellar reviews and innumerable accolades and awards, the Bank trusted Ms. Estepp with key training and management roles.

14. Indeed, Ms. Estepp had led the Branch she managed to be among the very most successful Huntington branches in the country.

15. In April 2023, Ms. Estepp's young adult daughter, Samantha ("Sam") Estepp was diagnosed with breast cancer.

16. Sam lived in California, and through the end of 2023, Ms. Estepp made trips to be with Sam using her own vacation time and Huntington's Caretaker Time Off program to be present for traumatic steps in Sam's treatment.

17. Unfortunately, Sam's condition did not improve.

18. In March 2024, Ms. Estepp again flew to California to support her daughter, who was now hospitalized.

19. In order to support this leave, Ms. Estepp sought to use protected leave time under the Family and Medical Leave Act ("FMLA").

20. Ms. Estepp's initial plan was to take two weeks of leave.

21. However, her daughter's condition was deteriorating.

22. Ms. Estepp extended her leave for another two weeks. She was ultimately out of the office from around March 27 to April 26, 2024, by far the longest period of time off Ms. Estepp had ever received.

23. Ever the committed employee, Ms. Estepp made the decision to return to work and was back at her desk on Monday, April 29, 2024.

24. But Sam's prognosis again worsened, so she called her mother and asked her to return to California.

25. Ms. Estepp communicated to her District Manager, Michelle Powers, around 9:30 in the morning on Tuesday, April 30, 2024 that she would need still more FMLA leave to care for her daughter.

26. Ms. Estepp was abruptly fired later that day.

27. Ms. Estepp requested but never received a specific basis for termination or wrong, but not for lack of asking for an explanation.

5

28. Her boss, who was there to carry out the termination, was so overwrought with emotion she was literally sobbing and unable to explain.

29. As Ms. Estepp fumbled for some lawful explanation for being fired on a random Tuesday evening, her boss simply begged her to hand over her keys and leave the building, because there were no other words she could speak through her tears.

30. Stunned, Ms. Estepp collected her purse and her lunchbox and said goodbye to her colleagues and staff.

31. Tragically, ten days later Ms. Estepp said goodbye to her daughter for the last time.  Sam succumbed to breast cancer on May 10, 2024.

## COUNT I
## FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2615) – Interference

32. Plaintiff incorporates here all previously stated allegations.

33. Plaintiff was an employee eligible for family medical leave because she worked for Defendant for more than 12 months prior to her requests for leave and worked more than 1,250 hours during the relevant 12-month period.

34. Defendant is a covered employer under the FMLA as it employed 50 or more employees within a 75-mile radius from 2023 through the present time.

35. In 2023 and 2024, Plaintiff's daughter suffered from a serious health condition.

6

36. Plaintiff's daughter suffered incapacity, chronic or long-term conditions, and ultimately fatal cancer, requiring multiple treatments.

37. Defendant knew about Plaintiff's daughter's health problems and also about Plaintiff's need to care for her daughter, because Plaintiff informed Defendant about the situation, requested leave, and provided documentation.

38. Defendant engaged in conduct prohibited under the Act by interfering with, restraining, or denying Plaintiff's rights under the Act.

39. Specifically, Defendant denied Plaintiff the benefits to which she was entitled by terminating her employment in advance of leave.

40. Defendant disregarded the FMLA's mandates and wrongfully denied Plaintiff FMLA benefits.

41. Defendant's wrongful denials of FMLA are willful FMLA violations committed in bad faith.

42. Huntington is a sophisticated company well aware of its duties under the FMLA.  It failed and refused to honor those obligations.

43. As a result, Plaintiff is entitled to damages, liquidated damages, attorney's fees, costs and all other just and proper relief.

## COUNT II
## FAMILY MEDICAL LEAVE ACT (29 U.S.C. § 2615) – Retaliation

44. Plaintiff incorporates here all previously stated allegations.

45. Plaintiff sought and took FMLA leave and sought continued FMLA leave when the situation necessitated it.

46. Plaintiff was terminated because she exercised her rights under the FMLA in seeking and taking leave under the FMLA to care for her daughter.

47. Defendant's penalization of Plaintiff for using and seeking FMLA-related time is a willful FMLA violation committed in bad faith.

48. As a result, Plaintiff is entitled to damages, liquidated damages, attorney's fees, costs and all other just and proper relief.

## RELIEF REQUESTED

Plaintiff Terri Estepp seeks all legal and equitable relief available to her, including:

    a. Economic damages;

    b. Liquidated damages;

    c. Attorney fees, interest, and costs; and

    d. All other relief deemed just and proper.

Respectfully Submitted,
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
Joan Campau (P87538)
Salvatore Prescott Porter & Porter, PLLC
Attorneys for Plaintiff

                                                                             105 E. Main Street  
                                                                             Northville, MI 48167  
                                                                             (248) 679-8711  
                                                                             prescott@spplaw.com  
                                                                             campau@spplaw.com

Date February 3, 2025

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,
SALVATORE PRESCOTT PORTER &
PORTER, PLLC
/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
Joan Campau (P87538)
Salvatore Prescott Porter & Porter, PLLC
Attorneys for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
prescott@spplaw.com
campau@spplaw.com

Date February 3, 2025